NOT FOR PUBLICATION
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD DINI and RANDOLPH DINI, Plaintiffs, v. DIVCOM LIGHTING INC., Defendant | **OPINION** <br><br> Civil Action No. 08-2363 (WHW) |

**Walls, Senior District Judge**

Plaintiffs Ronald and Randolph Dini move for entry of default judgment against defendant Divcom Lighting Inc. pursuant to Federal Rule of Civil Procedure 55(b). Defendant has not opposed this motion. Pursuant to Federal Rule of Civil Procedure 78, the motion is decided without oral argument and is granted.

### FACTS AND PROCEDURAL BACKGROUND

In May 2004, plaintiffs sold a lighting store and business, Dinico Products Inc., to defendant. (See Aff. in Supp. of Entry of Default J. ¶ 2 (Dkt. Entry No. 5, filed Jan. 8, 2009).) Until the sale, Ronald, a resident of Ridgewood, New Jersey, was the sole owner of Dinico Products and Randolph, a resident of Prospect, Connecticut, was an officer and employee in the same concern. (See Compl. at 2 (Dkt. Entry No. 1, filed May 14, 2008).)

In return for Dinico Products, defendant agreed to pay plaintiff $397,105.20 and to hire both Ronald and Randolph as part of the sales staff. (See Aff. in Supp. of Entry of Default J. ¶ 2;

NOT FOR PUBLICATION

Compl. at 4.) Defendant also agreed to enter into a lease of warehouse space owned by another entity, Dini Realty Associates, LLC, in which plaintiffs presumably held an interest. (See Compl. at 3 ¶ 5.) Plaintiffs transferred all shares in Dinico Products to defendant and the parties performed all of the terms of this agreement without apparent incident. (See Compl. at 3 ¶ 6.)

In January, 2007, the parties modified their agreement to provide solely that defendant would make thirty-three (33) monthly payments of $11,000 to plaintiffs. (See Aff. in Supp. of Entry of Default J. ¶ 2.) Defendant made payments under this agreement until March, 2008 but has not made any payments since that date, despite a written demand from plaintiffs. (See Compl. at 4, ¶¶ 9-11.)

On May 14, 2008 plaintiffs filed a complaint in this Court alleging breach of contract and unjust enrichment, seeking compensatory damages, costs and attorneys fees. (See Compl.) On September 2, 2008, defendant was served with a copy of the Summons and Complaint by personal service. (See Aff. of Service (Dkt Entry No. 3, filed on Sept. 2, 2008).). To date, defendant has not responded or otherwise defended against the complaint. On September 17, 2008, plaintiffs requested, and the Clerk entered, default against defendant. (See Dkt Entry No. 4, filed on Sept. 17, 2008.) On January 8, 2009, plaintiffs filed the present request for entry of default judgment in the amount of $220,000. (See Request for Default Judgment (Dkt Entry No. 5, filed on Jan. 8, 2009).)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs the Court's entry of default judgment. The party against whom default judgment is requested must have been properly served with process. See Fed. R. Civ. P. 55(b)(2); see also Local Union No. 98, Int'l Bd. of Elec. Workers v.

NOT FOR PUBLICATION

Cableco, Inc., No. 99-755, 1999 WL 269903, at * 1 (E.D. Pa. Apr. 28, 1999).  Before a default judgment may be entered by the court, the moving party must have obtained an entry of default.  See Fed. R. Civ. Proc. 55(a).  See 10A Wright, Miller, & Kane, Federal Practice and Procedure, § 2682, at 13 (3d ed.1998).

Entry of default and proper service do not automatically entitle a plaintiff to a default judgment.  See, e.g., Cableco, Inc., 1999 WL 269903, at * 1 (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995)).  The district court has the discretion to enter default judgment but entry of default judgment is disfavored when a decision on the merits is practicable.  See Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984).  When determining if a default judgment should be entered, a court should consider the following factors: the potential amount of damages; whether issues of material fact or substantial public concern are implicated; whether the default is primarily technical; whether the moving party has been substantially prejudiced by the delay involved; whether the grounds for default are clearly established or in doubt; whether the default was attributable to good faith, mistake, or excusable neglect; and whether the court may later be obliged to set aside the default.  See Franklin v. Nat'l Maritime Union of Am., No. 91-0480, 1991 WL 131182, at *1 (D.N.J. July 16, 1991), aff'd, 972 F.2d 1331 (3d Cir. 1992) (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2685 (2d ed. 1983)).

Although the Court should accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing Wright, Miller & Kane, supra, § 2688).  Before granting a default judgment, the

NOT FOR PUBLICATION

Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Directv, Inc. v. Asher, 03-cv-1969, 2006 WL 680533, *1 (D.N.J. March 14, 2006) (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2688 (2d ed. 1998)).  The Court must also "conduct its own inquiry 'in order to ascertain the amount of damages with reasonable certainty.'" Int'l. Assoc. of Heat & Frost Insulators v. South Jersey Insulation Servs., 05-cv-3143, 2007 WL 276137, *1 (D.N.J. Jan. 26, 2007) (quoting In re Industrial Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

**DISCUSSION**

**A.     Liability**

Because defendant was properly served and default has been entered by the Clerk the Court accepts as true the well-pleaded factual allegations of the complaint.  See Comdyne I, 908 F.2d at 1149.  Based on the facts alleged defendant is liable to plaintiffs for breach of contract. The contract between plaintiffs and defendant provided that it was to be governed by Ohio law. (See Compl., Ex. A at 4.)  In order to recover for breach of contract under Ohio law a plaintiff must show "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." Doner v. Snapp, 98 Ohio App. 3d 597, 649 N.E.2d 42 (Ohio App.1994).  Plaintiffs' allegations satisfy this standard.  Plaintiffs have alleged that: (i) defendants agreed to make thirty-three monthly payments of $11,000 in consideration for plaintiffs' agreement to modify the terms of the original sale agreement (See Compl. at 4.); (ii) plaintiff performed its obligations by consenting to the contract modification; (See id.) and (iii) defendant failed to make payments as promised.  (See id.)

NOT FOR PUBLICATION

B.     **Damages**

The Court need not accept allegations of damages as true but the affidavit from counsel as well as the contract submitted by plaintiff are sufficient for the Court to reach a "reasonable certainty" as to damages.  See Int'l. Assoc. of Heat & Frost Insulators, supra at *1.

Plaintiffs claim that the contract provided for thirty-three payments of $11,000 and that defendants made only the first thirteen payments.  Plaintiffs filed with the Court a signed contract consistent with these terms.  (See Compl., Ex. A.)  Counsel for plaintiffs certified that plaintiff performed its obligations under the contract and that defendant failed to make payments as promised.  (See Aff. in Supp. of Entry of Default J. ¶¶ 2-3.)  Plaintiffs are entitled to the benefit of their bargain, twenty payments of $11,000 or, in the aggregate, $220,000.  So default judgment is granted in the amount of $220,000.

**CONCLUSION**

For the preceding reasons, the Plaintiff's motion for judgment by default is granted.  Judgment is entered in the amount of $220,000 against defendant with costs.

s/William H. Walls<br>
United States Senior District Judge

**Appearances**

Russel B. Teschon
Teschon, Riccobene & Siss PA
327 Godwin Avenue
Midland Park, NJ 07432

**NOT FOR PUBLICATION**
Attorney for Plaintiffs